**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| TOTALOGISTIX, INC., a corporation of the State of New Jersey, | : : : : | |
| Plaintiff, | : : | Civil Action No. 06-5117 (JAG) |
| v. | : : | **OPINION** |
| MARJACK COMPANY, INC., a corporation of the District of Columbia, | : : : : | |
| Defendant. | : : : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on Defendant Marjack Company, Inc.'s ("Defendant" or "Marjack") motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), Counts Two, Four, and Five, as well as Plaintiff's prayer for attorney's fees of Plaintiff Totalogistix, Inc.'s ("Plaintiff" or "Totalogistix") Complaint for failure to state a claim upon which relief can be granted. Defendant also moves for sanctions, pursuant to FED. R. CIV. P. 11(c)(1)(A). For the reasons set forth below, Defendant's motion to dismiss will be granted, and Defendant's motion for sanctions will be denied.

**INTRODUCTION**

In September 2005, Totalogistix and Marjack entered into the Logistics Management Agreement (the "Agreement"). Pursuant to the Agreement, Totalogistix agreed to negotiate

1

transportation contracts with carriers, such as United Parcel Service[1] ("UPS") or Federal Express, to obtain lower shipping rates for Marjack. Marjack agreed to pay Totalogistix 50% of the amounts saved as a result of those negotiated contracts. The term of the Agreement was three years. (Compl. ¶¶ 4-6.)

Pursuant to the Agreement, Totalogistix negotiated a one year deal with the UPS, securing discounts for Marjack on their shipping with UPS. Plaintiff alleges that, in early 2006, Marjack hired a "Logistics/Operations Manager." (Compl. ¶ 9.) Plaintiff alleges further that Defendant wrongfully terminated the Agreement on September 25, 2006, leading Plaintiff to bring this action.

In its Complaint, Plaintiff alleges breach of contract (Count One),[2] breach of the duty of good faith and fair dealing (Count Two), unjust enrichment (Count Three), interference with a prospective economic advantage (Count Four), and tortious breach of contract (Count Five). Defendant moves to dismiss Counts Two, Four, Five, and Plaintiff's request for attorney's fees.

## ANALYSIS

**I.     Governing Legal Standards**

    A.     <u>Standard for a Rule 12(b)(6) Motion to Dismiss</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim . . . showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice

---

[1] Plaintiff's Complaint incorrectly refers to the business commonly known as UPS as United Postal Service.

[2] Plaintiff's Complaint begins numbering the Counts using "FIRST," "SECOND," and "THIRD," but concludes using "COUNT FOUR" and "COUNT FIVE." This Court will refer to all counts using the latter phraseology.

of what the claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1959. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1960 (abrogating Conley, 355 U.S. 41). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000).

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must set forth

sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist.  See FED. R. CIV. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (abrogated on other grounds Twombly, 127 S. Ct. 1955).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

This Court's review of a motion to dismiss for failure to state a claim is limited to the contents of the complaint, including any attached exhibits.  See Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992); Caine v. Hardy, 943 F.2d 1406, 1411 n.5 (5th Cir. 1991).

**II.      Defendant's 12(b)(6) Motion to Dismiss**

    A.      Preliminary Matters

        1.      *Choice of Law*

The Agreement states that it "is made pursuant to Maryland law and shall be construed and enforced in accordance therewith."  (Compl. Ex. A ¶ 7.)  "We are bound to apply the law of the State in which we sit, New Jersey, to all substantive issues, including questions governed by choice of law principles."  Security Sav. Bank v. Green Tree Acceptance, Inc., 703 F. Supp. 350, 354 (D.N.J. 1989) (citing Klaxon v. Stentor Electric Co., 313 U.S. 487, 496 (1941) and Rohm and Haas Co. v. Adco Chemical Co., 689 F.2d 424, 429 (3d Cir. 1982)).  "New Jersey courts tend to enforce choice-of-law provisions in contracts provided the public policies of New Jersey are not offended[,] and the contract bears some relation to the chosen jurisdiction."  Pepe v. Rival Co., 85 F. Supp. 2d 349, 381-382 (D.N.J. 1999), affirmed without opinion Pepe v. Rival Corp., 254 F.3d 1078 (3d Cir. 2001) (citing inter alia Instructional Systems, Inc. v. Computer Curriculum Corp., 130 N.J. 324, 341 (1992)).

This Court cannot conceive of any reason why the choice-of-law provision would offend the public policies of New Jersey. Further, it appears that the contract bears some relation to Maryland, as Defendant Marjack lists its address on the Agreement as 1900 Clarkson Way, Landover, Maryland. The parties do not dispute the validity of this provision, and argue Maryland law throughout their briefs. This Court will apply Maryland law.

    2.  *Conceded Claim*

Defendant argues that Count Two of the Complaint, for breach of the covenant of good faith and fair dealing, cannot be maintained. See Mount Vernon Properties, LLC v. Branch Banking and Trust Co., 170 Md. App. 457, 471-72 (Md. Ct. Spec. App. 2006) ("[W]e affirm the circuit court's holding that there is no independent cause of action at law in Maryland for breach of the implied covenant of good faith and fair dealing. Although the issue has not been specifically addressed by the Maryland appellate courts, we agree with the circuit court that no such action at law exists in Maryland.").

It appears that Plaintiff has dropped this claim, as Plaintiff offers no defense in its opposition papers to Defendant's arguments. Even if Plaintiff has not abandoned Count Two, this Court holds that Mount Vernon is dispositive. Defendant's motion to dismiss is granted as to Count Two.

    B.  Tortious Interference with Prospective Economic Advantage

In Count Four of the Complaint, Plaintiff alleges that, by breaching the Agreement, Defendant tortiously interfered with Plaintiff's "reasonable expectation of economic advantage in its management agreements with its clients." (Compl. ¶ 25.) Defendant argues that no such claim can be sustained as between two parties to a contract. Plaintiff fails to adequately state a

5

claim for tortious interference with a prospective economic advantage.

"For the tort [of interference with contract or business advantage] to lie, the defendant tortfeasor cannot be a party to the contractual or economic relations with which he has allegedly interfered." Traverlers Indem. Co. v. Merling, 326 Md. 329, 343 (Md. 1992) (citing K & K Management v. Lee, 316 Md. 137, 154-156 (Md. 1989); Sharrow v. State Farm Mutual, 306 Md. 754, 763 (Md. 1986); Natural Design, Inc. v. Rouse Co., 302 Md. 47, 69 (Md. 1984); Wilmington Trust Co. v. Clark, 289 Md. 313, 329 (Md. 1981) ("there is no cause of action for interference with a contract when suit is brought against a party to the contract"). The Maryland Court of Appeals[3] "has consistently taken the position that the tort of wrongful interference with economic relations will not lie where the defendant is a party to the economic relationship with which the defendant has allegedly interfered." Kaser v. Financial Protection Marketing, Inc., 376 Md. 621, 630 (Md. 2003).

Plaintiff argues that, in K & K Management Inc. v. Lee, 316 Md. 137 (Md. 1989), the Maryland Court of Appeals "anticipate[d] the permissibility of interference claims between parties to a contract." Plaintiff argues further that in K & K, the plaintiff was not barred from bringing a tortious interference claim against the defendant, a co-party to a breached agreement, but merely held that he failed to present sufficient evidence. Plaintiff misinterprets K & K.

The K & K Court did leave open the possibility of a claim of tortious interference, but only as to third parties; in the K & K plaintiff's case, his customers. K & K, 326 Md. at 156-57. The claim must be predicated on a separate economic relationship, and not the economic relationship created by the breached contract. Id. Here, Plaintiff has failed to allege in the

---

[3] Maryland's Court of Appeals is its highest court of appellate review.

Complaint any third party with whom Plaintiff maintained an economic relationship that was harmed by Defendant's breach of the Agreement.[4]  Instead, Plaintiff states, in Count Four, that it has "a reasonable expectation of economic advantage in its management agreement with *its clients*." (Compl. ¶ 25.)  Plaintiff has not pled this element of tortious interference with economic advantage sufficiently.  Defendant's motion to dismiss Count Four is granted.

  C. <u>Tortious Breach of Contract</u>

In Count Five of the Complaint, Plaintiff alleges that Defendant took "willful, intentional, [and] malicious" actions "with the intention to cause injury to [Plaintiff]." (Compl. ¶ 30.)  Defendant argues that this claim fails for the same reasons that Plaintiff's claim for tortious interference with prospective economic advantages failed.  <u>See</u> Section II, A, <u>supra</u>.  This Court disagrees.

Defendant quotes <u>Alexander</u> again for the position that Maryland courts have "refused to adopt any theory of tortious interference with contract or economic relations that converts a breach of contract into an intentional tort." 336 Md. at 654.  As addressed above, <u>Alexander</u> is dispositive as to Plaintiff's tortious interference claims, but it does not demonstrate that a party to a contract can never bring a claim for tort against the other party to the contract.  Indeed, Plaintiff cites to two cases, wherein Maryland courts have allowed a conversion claim between parties of a contract.  <u>See</u> <u>Western Maryland Dairy, Inc. v. Maryland Wrecking and Equipment Co.</u>, 146 Md. 318, 328 (Md. 1924); <u>see</u> <u>Fink v. Pohlman</u>, 85 Md. App. 106, 114 (Md. Ct. Spec. App.

---

[4] Plaintiff's opposition brief references paragraph eleven of the Complaint to indicate that it had negotiated a contract with UPS on Marjack's behalf.  That paragraph is descriptive and does not allege that the breach of the Agreement harmed any economic relationship between Plaintiff and UPS.

1990). Alexander does not provide grounds for dismissal.

Defendants also argue, however, in a footnote and citing language from Western Maryland and Fink, that Plaintiff cannot rely on the contractual obligations to serve as the duty for a tort claim. Instead, Plaintiff must demonstrate an independent duty that Defendant owes them and which lies outside the contractual obligations. (Def.'s Br. 3.) On this point, grounds for dismissal are appropriate.

"A contractual obligation, by itself, does not create a tort duty." Mesmer v. Maryland Auto. Ins. Fund, 353 Md. 241, 253 (Md. 1999). "Instead, the duty giving rise to a tort action must have some independent basis." Id. "While a tort action in favor of a contracting party can be founded upon a duty arising out of the contractual relationship, . . . the duty giving rise to the tort cause of action must be independent of the contractual obligation. . . . Mere failure to perform a contractual duty, without more, is not an actionable tort." Wilmington Trust Co. v. Clark, 289 Md. 313, 328-329 (Md. 1981).

As quoted by Mesmer v. Maryland, one leading case on this area of the law noted:

> That the buyers did not . . . assert an action in tort independent of contract is obvious. And, while there was an allegation of 'carelessness and negligence' on the part of the seller-builder . . . it is apparent that the allegations were not so stated as to claim that the asserted negligent breach of contract was also a breach of duty imposed by law. Thus, it is clear that the second count did not state an action ex delicto. The mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort. . . . For it is only when a breach of contract is also a violation of a duty imposed by law that the injured party has a choice of remedies.

353 Md. at 253 (quoting Heckrotte v. Riddle, 224 Md. 591 595-596 (Md. 1961), and providing numerous cites for this proposition of Maryland contract law).

Plaintiff does not, in the Complaint, allege any independent duty owed by Defendants to

Plaintiff. Plaintiff only alleges, as set forth above, that Defendant's breach of the contract was "willful, intentional, [and] malicious." Defendant's motion to dismiss is granted as to Count Five.

   D.  Attorney's Fees

Plaintiff, in its ad damnum clause, requests attorney's fees in the event of a successful judgment. (Compl. 6.) Defendant argues that none of Plaintiff's counts warrant the award of attorney's fees under Maryland law. This Court holds for Defendant.

Maryland applies "the American Rule, [which] prohibits the prevailing party in a lawsuit from recovering his attorney's fees as an element of damages." St. Luke Evangelical Lutheran Church, Inc. v. Smith, 318 Md. 337, 344 (Md. 1990) (citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975)). "[T]here are exceptions to the American Rule. For example, in Maryland, attorney's fees may be awarded when (1) parties to a contract have an agreement to that effect; (2) there is a statute which allows the imposition of such fees; or (3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party." Id. at 345-46 (citations omitted). "Counsel fees may also be awarded when a plaintiff is forced to defend against a malicious prosecution." Id. The Maryland Court of Appeals has allowed attorney's fees to be considered when calculating punitive damages. See id. at 354.

No exception to the American Rule exists in this case. The Agreement does not contain a provision providing for attorney's fees. (Compl. Ex. A.) Plaintiff alleges no statute under which attorney's fees might be awarded. Plaintiff also does not allege that it has been forced to defend any litigation with third parties, nor has Plaintiff been forced to defend against a malicious prosecution.

The only possible exception to the American Rule which might apply under Plaintiff's Complaint, as filed, is for the calculation of punitive damages. However, this Court has dismissed the only two claims of the Complaint which may have allowed for punitive damages: tortious breach and tortious interference with an economic relationship. Plaintiff has not alleged any set of facts under which attorney's fees could be awarded. Defendant's motion to dismiss the prayer for attorney's fees in Plaintiff's Complaint is granted.

E.    Motion for Sanctions

Defendant moves for sanctions against Plaintiff, pursuant to FED. R. CIV. P. 11.

FED. R. CIV. P. 11(b) provides, in relevant part, that:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Rule 11 "requires a reasonable inquiry into both the facts and the law supporting a particular pleading. . . . [The] proper analysis should focus on the circumstances that existed at the time counsel filed the challenged paper." Schering Corp. v. Vitarine Pharmaceuticals, Inc., 889 F.2d 490, 496 (3d Cir. 1989). That is, "the Rule 11 test 'is now an objective one of reasonableness' and seeks to discourage pleadings 'without factual foundation, even though the paper was not

10

filed in subjective bad faith.'"  "Rule 11 also seeks to ensure a pleading is not used for 'an improper purpose, such as to cause harassment, undue delay, or needless increase in litigation expense.'"  Lony v. E.I. Du Pont De Nemours & Co., 935 F.2d 604, 616 (3d Cir. 1991) (quoting Lieb v. Topstone Indus., 788 F.2d 151, 157 (3d Cir. 1986)).  "Generally, sanctions are prescribed 'only in the 'exceptional circumstance' where a claim or motion is patently unmeritous [sic] or frivolous.'"  Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991) (quoting Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)).

  Defendant argues that Plaintiff violated Rule 11 by bringing Counts Four and Five in its Complaint.  Defendant argues further that Plaintiff continued to "grossly misrepresent[]" the law by opposing Defendant's Motion to Dismiss those Counts.  (Def.'s Br. in Support of its Motion for Sanctions Against Plaintiff Totalogistix, Inc. and its Counsel ("Def.'s Sanctions Br.") 3.)  For the reasons set forth below, this motion shall be denied.

  Plaintiff does misread K & K as it pertains to Count Four.  However, the arguments put forth by Plaintiff in opposing the motion to dismiss are not "patently unmerit[orious] or frivolous" because Plaintiff argued correctly that, under Count Four, the claim for tortious interference with a prospective economic advantage exists as between parties to a contract if the interference is with a third party.  Plaintiff's claim failed because no such party was alleged in its complaint.  If no such party existed, and Plaintiff and its counsel knew that before filing this action, or before opposing the motion, then that action might warrant sanctions.  This Court lacks any basis to come to that determination.

11

This Court dismisses Count Five, which alleges tortious breach, because Defendant failed to allege any duty that would give rise to tort liability, independent of the contractual obligations. This Court cannot, and need not, determine whether that failure is due to poor pleading or an actual lack of factual support for those claims. Defendant's motion for sanctions is denied.

## **CONCLUSION**

For the reasons set forth in this Opinion, Defendant's motion to dismiss Counts Two, Four, Five, and Plaintiff's request for attorney's fees is GRANTED, and Defendant's motion for sanctions is DENIED.

Dated: September 14, 2007

                                            S/Joseph A. Greenaway, Jr.
                                            JOSEPH A. GREENAWAY, JR., U.S.D.J.