<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

| | |
|---|---|
| TOTALOGISTIX, INC., : | |
| Plaintiff, : | |
| : | Civil Action No. 06-5117 (JAG) |
| v. : | |
| : | **OPINION** |
| MARJACK CO., INC., : | |
| Defendant. : | |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before this Court on the motion of plaintiff, Totalogistix, Inc., ("Plaintiff" or "Totalogistix"), for summary judgment, pursuant to Fed. R. Civ. P. 56, against defendant, Marjack Co., Inc., ("Defendant" or "Marjack"); and on the motion of Marjack to appeal the magistrate judge's discovery order, and on its cross-motion for partial summary judgment, pursuant to Fed. R. Civ. P. 56, against Totalogistix. For the reasons set forth below, Plaintiff's motion is granted, in part, and denied, in part, and Defendant's motions are denied.

**I. <u>FACTUAL BACKGROUND</u>**

Totalogistix is a New Jersey corporation, with its principal place of business located in Sparta, New Jersey. Totalogistix engages in the business of providing transportation consulting services. Marjack is a Washington, D.C. corporation, qualified to conduct business in New Jersey. Marjack is engaged in the business of distributing snack food and various other products

to movies theaters and other businesses throughout the United States. Marjack employs the services of commercial carriers, such as Federal Express ("FedEx"), and the United Parcel Service ("UPS"), to transport its products to its customers.

The instant dispute arises out of a Logistics Management Agreement (the "Agreement") between Totalogistix and Marjack. In the Agreement, Totalogistix agreed to act as the exclusive agent for Marjack, regarding the performance of various services, including the negotiation of transportation contracts with shipping companies. (Plaintiff's Statement of Material Facts, ("Pl. 56.1 Stmt."), ¶ 1; Defendant's Statement of Material Facts, ("Def. 56.1 Stmt."), ¶¶ 2, 3.) Specifically, Totalogistix was to negotiate on behalf of Marjack, with commercial carriers for shipping rate discounts. (Id.)

On January 25, 2006, following Totalogistix's negotiations, Marjack and UPS entered into a 157-week parcel shipping agreement ("the UPS Agreement"), which guaranteed beneficial shipping rates, resulting in substantial cost savings to Marjack. (Pl. 56.1 Stmt. ¶¶ 3, 4.) Following the execution of the UPS Agreement, Marjack allocated approximately $18,000 per month in payments to Totalogistix, an amount that represented the share due to Plaintiff for negotiating favorable rates under the Agreement. (Id. ¶ 5.)

Following the execution of the UPS Agreement, relations between Totalogistix and Marjack began to sour. Not surprisingly, the parties detail differing accounts of the downfall of their business relationship. According to Plaintiff, on June 2, 2006, Plaintiff's independent contractor, Gerald Zsenyuk ("Zsenyuk"), asked a UPS representative to open an administrative account, attached to Marjack's competitive rate plan, and indicated that he would seek to "remove FedEx". (Id. ¶6.) Marjack further expounds that Zsenyuk, "a representative of

Totalogistix: (a) asked UPS to allow him to use Marjack's discounted shipping rates for his personal purposes; and (b) promised that if he was allowed to do so Totalogistix would strongly recommend that Marjack remove FedEx as one of the transportation companies being used by Marjack." (Defendant's Response to Pl. 56.1 Stmt., ("Def. Response"), ¶ 6.) Thereafter, UPS sought, and received, Marjack's permission to open the personal administrative account. (Pl. 56.1 Stmt. ¶ 7; Def. Response ¶ 7.) Totalogistix asserts that Marjack never communicated any concerns regarding its independent contractor's behavior. (Pl. 56.1 Stmt. ¶ 8.) Marjack counters that it did not immediately inform Totalogistix about its concerns, because Marjack wished to see where Zsenyuk would go "with his use of Marjack's discounted shipping rate." (Def. Response ¶ 8.) The independent contractor used the account to ship seven (7) shipments, costing, in total, under one hundred ($100) dollars. (Pl. 56.1 Stmt. ¶ 9; Def. Response ¶ 9.)

On September 21, 2006, Marjack sent a letter to Totalogistix, explaining that it was terminating the Agreement on the basis of the actions of the independent contractor. (Pl. 56.1 Stmt. ¶ 11; Def. Response ¶ 8; Def. 56.1 Stmt. ¶ 25.) This lawsuit ensued. On October 25, 2006, Totalogistix brought suit alleging, *inter alia*, various contract claims. (Docket Entry No. 1.)[1] On September 18, 2007, Marjack answered Plaintiff's Complaint, and simultaneously brought a Counterclaim alleging breach of contract and breach of fiduciary duty. (Docket Entry No. 31.) Totalogistix then moved for summary judgment, seeking to dismiss Defendant's Counterclaim

---

[1] On September 14, 2007, this Court dismissed Counts II, IV, and V of Plaintiff's Complaint. (Docket Entry No. 27.) Count I for breach of contract and Count III for unjust enrichment remain outstanding.

for breach of fiduciary duty and breach of contract.[2] In turn, Marjack cross-moved for partial summary judgment on Plaintiff's breach of contract claim.[3]

Marjack also filed a non-dispositive motion seeking to appeal the June 26, 2008 discovery order entered by Magistrate Judge Arleo (Docket Entry No. 51), denying Defendant's request for information about unrelated Totalogistix clients and business negotiations.

Jurisdiction is proper with this Court, pursuant to this Court's diversity jurisdiction, under 28 U.S.C. 1332(a). Plaintiff's and Defendant's citizenship is diverse, and the amount in controversy exceeds $75,000.00.

## II. STANDARD OF REVIEW

I.  **Summary Judgment**

Summary judgment is appropriate under FED. R. CIV. P. 56(c), when the moving party demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23; Cascara v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). A factual dispute is genuine if a reasonable jury

---

[2]Plaintiff casts the instant motion as a motion for summary judgment. The crux of its argument in support of summary judgment, however, is that Maryland does not recognize Defendant's cause of action for breach of fiduciary duty, an argument that does not require this Court to look beyond the pleadings. Plaintiff's motion would, thus, be more appropriately brought as a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

[3]In its reply submission, Marjack adds a new cross-motion for partial summary judgment on Totalogistix's unjust enrichment claim. To the extent that Marjack raises a new motion on reply, and not previously briefed, such motion is denied. See Bayer AG v. Schein Pharm., Inc., 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (noting that reply briefs should only respond to respondent's arguments "because the local rules do not permit sur-reply brief [and] a party opposing summary judgment has no opportunity to respond to newly minted arguments contained in reply briefs.").

could return a verdict for the non-movant, and is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Justofin v. Metro. Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004). This Court views "the facts in the light most favorable to the nonmoving party and draw[s] all inferences in that party's favor." Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (internal citation omitted). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence." Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

When the moving party has the burden of proof on an issue at trial, that party has "the burden of supporting their motions 'with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.'" In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex, 477 U.S. at 331); see also United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) ("When the *moving* party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." (emphasis in original) (internal citations omitted)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v.

Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). The non-movant cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").

## II. Appeal From Magistrate Judge's Discovery Order

A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law."[4] 28 U.S.C. § 636(b)(1)(A); see also FED. R. CIV. P. 72(a); see also, Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987); Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213-14 (D.N.J. 1997). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). A district court may not consider any evidence that was not put before the magistrate judge, when reviewing the magistrate judge's factual determination. Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992); Lithuanian Commerce, 177 F.R.D. at 213.

Under the clearly erroneous standard, the reviewing court will not reverse the magistrate

---

[4]A party objecting to a magistrate judge's order may, within ten days of service of the order, serve and file objections with the district judge. FED. R. CIV. P. 72(a). Defendant's objection to Magistrate Judge Arleo's discovery order was timely filed.

judge's determination even if the court might have decided the matter differently. Cardona v. Gen. Motors Corp., 942 F. Supp. 968, 971 (D.N.J. 1996) (quoting Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994)). The court, however, will review a magistrate judge's legal conclusions under de novo review. Cooper Hosp./ Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J.1998) (citations omitted). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Id.; see also 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 3069 ("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis").

### III. DISCUSSION

**I.      Breach of Fiduciary Duty**

Count Two of Defendant's Counterclaim is entitled "Breach of the Fiduciary Duty". In its motion for summary judgment, Plaintiff urges this Court to dismiss Defendant's counterclaim[5], noting that Maryland does not recognize an independent cause of action for breach of fiduciary duty. (Plaintiff's Moving Brief in Support of its Summary Judgment Motion, ("Pl. Moving Br."), p. 8.) Defendant, in contrast, argues that Maryland courts have never established a blanket prohibition on breach of fiduciary duty actions.

Upon review of the relevant precedent, it is apparent to this Court why confusion lingers over what should be a simple question: whether Maryland does, in fact, recognize an independent cause of action for breach of fiduciary duty.

---

[5]The appropriate relief on a motion for summary judgment is merely the grant or denial of the motion, not the dismissal, with or without prejudice, of the complaint. Cheminor Drugs, Ltd. v. Ethyl Corp., 168 F.3d 119, 121 n.2 (3d Cir. 1999).

In Hartlove v. Maryland Sch. for the Blind, 681 A.2d 584 (Md. Ct. Spec. App. 1996), the Maryland Court of Special Appeals recognized the independent tort of breach of fiduciary duty for the first time. One year later, Maryland's highest court, the Court of Appeals, seemingly reached the opposite conclusion in Kann v. Kann, 690 A.2d 509 (Md. 1997). There, the court held that "there is no universal or omnibus tort for the redress of breach of fiduciary duty by any and all fiduciaries." Id. at 521. The court went on, however, to explain:

> This does not mean that there is no claim or cause of action available for breach of fiduciary duty. Our holding means that identifying a breach of fiduciary duty will be the beginning of the analysis, and not its conclusion. Counsel are required to identify the particular fiduciary relationship involved, identify how it was breached, consider the remedies available, and select those remedies appropriate to the client's problem.
>
> Id.

Courts have not entirely agreed on how to interpret the apparent inconsistency of Kann and Hartlove. Compare Swedish Civil Aviation Admin. v. Project Mgmt. Enter., Inc., 190 F. Supp. 2d 785, 801 (D. Md. 2002) (holding that breach of fiduciary duty can be part of other causes of action, but no independent tort for breach of fiduciary duty exists, especially if alternative remedies are available), Kerby v. Mortgage Funding Corp., 992 F. Supp. 787, 803 (D. Md. 1998) (same), and Bresnahan v. Bresnahan, 693 A.2d 1, 5 (Md. Ct. Spec. App. 1997) ("In light of Kann, it is doubtful that Hartlove's creation of an independent tort of breach of fiduciary tort has survived"); with BEP, Inc. v. Atkinson, 174 F. Supp. 2d 400, 405-07 (D. Md. 2001) (noting that while plaintiff stated a claim for breach of fiduciary duty, the breach actually constituted breach of the duty of loyalty to the employer, a separate, cognizable cause of action), and Garcia v. Foulger Pratt Dev., Inc., 845 A.2d 16, 44 (Md. Ct. Spec. App. 2003) ("[A]nalysis

[of independent tortious fiduciary duty claim] must be done on a case-by-case basis").

In 2002, however, the Court of Appeals reiterated its position regarding breach of fiduciary duty as an independent cause of action: "Although the breach of a fiduciary duty may give rise to one or more causes of action, in tort or in contract, Maryland does not recognize a separate tort action for breach of fiduciary duty." International Bhd. of Teamsters v. Willis Corroon Corp., 802 A.2d 1050, 1052 n.1 (citing Kann v. Kann, 690 A.2d 509, 520-21 (Md. 1997).[6]

This Court is convinced that under Maryland law breach of fiduciary duty may give rise to a cause of action, but cannot stand as an independent cause of action. Defendant's stated counterclaim, however, sounds only in breach of fiduciary duty. Thus, Marjack's counterclaim

---

[6]In its submission, Defendant relies, to its detriment, on the holding of BEP, in support of both its general argument that breach of fiduciary duty is a recognized cause of action in Maryland, and in support of its more specific argument that punitive damages are available, pursuant to that claim. (Defendant's Brief in Opposition to Plaintiff's Summary Judgment Motion, ("Def. Opp. Br."), p. 10.)

This Court wishes to address the pitfalls of Marjack's reliance on BEP. First, it is unclear whether the district court judge in BEP actually recognized defendant's stated claim for breach of fiduciary duty, or rather considered defendant's fiduciary duty claim to be subsumed by a claim for breach of the duty of loyalty, an otherwise recognized claim in Maryland. BEP, 174 F. Supp. 2d at 405-07. In fact, the only relevant language in BEP is a citation to a 1993 Maryland Court of Appeals case, in which the Court of Appeals "acknowledged that Maryland had not clearly adopted the tort of breach of fiduciary duty, but *assumed* for the purposes of that case that the tort did exist and could result in an award of punitive damages." Id. (citing Adams v. Coates, 626 A.2d 36 (1993)) (emphasis added).

To reach the former conclusion today, in the wake of both Kann and Willis, this Court posits, would be error. Noteworthy, however, is the fact that BEP was decided after Kann, yet before the Maryland Court of Appeals' clarification in Willis, and during the time period in which various courts, grappling with the same issue, reached vastly different conclusions. See supra. In the face of Willis, this Court is convinced that Maryland does not recognize a separate tort action for breach of fiduciary duty. See Willis, 802 A.2d at 1052 n.1

9

for this sole breach is untenable under Maryland law. Plaintiff's summary judgment motion is granted, as to Count II of Marjack's counterclaim.

## II.     Punitive Damages

Plaintiff has also moved for summary judgment on Defendant's claim for punitive damages, arising out its breach of fiduciary duty cause of action. In Maryland, punitive damages are not available in actions sounding solely in breach of contract. See e.g., Alexander & Alexander Inc. v. B. Dixon Evander & Assoc., Inc., 650 A.2d 260, 265 n.8 (Md. 1994) (citing K & K Management, 557 A.2d 965, 981 (Md. 1989) ("Awarding punitive damages for breach of contract is "[c]ontrary to the settled policy of Maryland law...")). As Marjack's only remaining claim sounds in contract law, punitive damages are not available to Defendant.[7]

## III.    Attorney's Fees

The *ad damnum* clause of Defendant's Counterclaim requests an award of attorney's fees in defending itself against Plaintiff's claims, and in maintaining the Counterclaim. Plaintiff moved for summary judgment, asserting that under Maryland law, Defendant is not entitled to such an award. This Court agrees.[8]

---

[7]Marjack, itself, contends and thus concedes the point that "[u]nder Maryland law, Marjack may recover compensatory and punitive damages and the compensation paid to Totalogistix pursuant to the Agreement *if* Marjack prevails on Count Two." (Def. Opp. Br., p. 10 (emphasis added).) As discussed earlier, Marjack cannot prevail on its second claim for breach of fiduciary duty, and thus cannot prevail on its claim for punitive damages.

[8]This Court ruled on a similar issue in its September 14, 2007 Opinion, which addressed Defendant's motion to dismiss Plaintiff's prayer for attorney's fees. (Docket Entry No. 27). This Court notes that the law of the case doctrine governs the disposition of the motions presented. The law of the case doctrine militates against re-deciding issues of law previously resolved in the same case, either expressly or by implication. Public Interest Research Group of N.J., Inc. v. Magnesium Elecktron, Inc., 123 F.3d 111, 116 (3d Cir. 1997). As the Third Circuit has indicated, there are "extraordinary circumstances" that warrant a court's reconsideration of an

Maryland applies "the American Rule, [which] prohibits the prevailing party in a lawsuit from recovering his attorney's fees as an element of damages." St. Luke Evangelical Lutheran Church, Inc., v. Smith, 568 A.2d 35, 38 (Md. 1990) (citing Alyeska Pipeline Serv. Co., v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)). "[T]here are exceptions to the American Rule. For example, in Maryland, attorney's fees may be awarded when (1) parties to a contract have an agreement to that effect; (2) there is a statute which allows the imposition of such fees; or (3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party." Id. at 39 (citations omitted). "Counsel fees may also be awarded when a plaintiff is forced to defend against a malicious prosecution." Id. The Maryland Court of Appeals has allowed attorney's fees to be considered when calculating punitive damages. See id. at 43.

No exception to the American Rule exists in this case. The Agreement does not contain a provision providing for attorney's fees. There is no indication that any statute would allow for the imposition of such fees. Defendant has not been forced to defend itself against third parties, nor has Defendant been forced to defend against a malicious prosecution. Finally, as discussed, *supra*, Defendant is also not entitled to punitive damages. As such, no space for attorney's fees exists in this case. Plaintiff is entitled to summary judgment on Defendant's prayer for attorney's fees in its Counterclaim.

---

Cont.

issue decided earlier in the course of litigation. Id. at 116-17. These circumstances include when "new evidence is available; ... a supervening new law has been announced; or ... the earlier decision was clearly erroneous and would create manifest injustice." Id. at 117. None of these circumstances exist in the instant action and this Court's ruling on Plaintiff's motion for summary judgment as to Defendant's prayer for attorney's fees will not differ from its earlier ruling on Defendant's analogous motion to dismiss.

**IV.     Breach of Contract**

Plaintiff moved for summary judgment on Defendant's counterclaim for breach of the Agreement and the duty of good faith and fair dealing.  Defendant, in turn, cross-moved for summary judgment on Plaintiff's breach of contract claim.

Totalogistix asserts that Defendant's unilateral termination of the Agreement constitutes a material breach of the Agreement's terms, as the Agreement contained no termination clause.  Plaintiff further asserts that Defendant was not entitled to terminate the Agreement, as "the conduct of Plaintiff's independent contractor did not constitute a material breach of the Agreement because Defendant did not sustain any definable injury as a result."  (Pl. Moving Br., p. 15.)

Plaintiff's conclusions, however, are not supported by the undisputed facts.  Genuine issues as to material facts exist, regarding Defendant's entitlement to terminate its contractual relationship with Plaintiff, notwithstanding the apparent lack of a termination clause in the Agreement, especially if Plaintiff's actions amount to what Defendant labels "willful misconduct."  (Def. Opp. Br., p. 18.)  Totalogistix is not entitled to summary judgment of Marjack's breach of contract claims.

Marjack's push for summary judgment on Totalogistix's contract claims is similarly inappropriate.  In support of its argument that it is entitled to summary judgment on Plaintiff's contract claims, Marjack contends that it "viewed that conduct as constituting a clear conflict of interest which violated the fiduciary obligation owed by Totalogistix to Marjack and which justified termination of the Agreement, especially after Totalogistix' senior management failed to recognize that fact and take appropriate remedial measures."  (Defendant's Moving Brief in

12

Support of its Summary Judgment Motion, ("Def. Moving Br."), p. 2.)

Defendant's subjective view of Totalogistix's conduct, however, is irrelevant to the question before this Court of whether Defendant is entitled to summary judgment on Plaintiff's contract claim. For this Court to reach the conclusion that Defendant is, in fact, entitled to summary judgment, this Court would have to find that no genuine issues as to any material facts exist that support the conclusion that Marjack was justified in terminating the Agreement.

Viewing the facts in the light most favorable to the Plaintiff, this Court holds that Defendant is not entitled to summary judgment on Plaintiff's breach of contract claim. The sheer mass of competing facts in this case prevent such a resolution. First, the plain language of the agreement is not clear. Defendant would have this Court believe that Marjack had termination rights under Paragraph 4 of the Agreement sufficient to justify its September 25, 2006 termination.[9] Second, the undisputed facts do not indicate that Totalogistix acted in contravention of the Agreement, in such a way that would entitle Marjack to terminate unilaterally its contractual obligations to Totalogistix. Rather, it is apparent from the parties' competing Rule 56.1 Statements that disputed facts abound, pertaining to the parties' fiduciary relationship, and to the chain of events leading up to Marjack's termination of the Agreement. Resolution of such disputes is not appropriate at the summary judgment stage; it is best left to the eventual trier of fact.

---

[9] The fact that a Totalogistix's senior representative stated that he understood the Agreement to have a termination clause that allowed for termination if Totalogistix engaged in "acts of negligence or willful misconduct" is also of no relevance to the instant inquiry, but is appropriately reserved for eventual presentation to the factfinder. The statement is not an admission that Totalogistix engaged in any behavior prohibited by the contract, which would allow Marjack to terminate the Agreement. (But see Def. Moving Br., p. 19.)

**V.      Motion to Appeal the Magistrate Judge's Discovery Order**

Upon review of the record in this matter, this Court also finds that the decision of Magistrate Judge Arleo to deny Defendant's discovery request was neither clearly erroneous, nor contrary to law.  The discovery order will not be set aside.  Marjack's request for information on Plaintiff's unrelated client negotiations was properly considered out of the acceptable scope of discovery for this breach of contract action.  Moreover, by its own admission, Marjack intended to use the requested discovery to support its breach of fiduciary duty claim (See Docket Entry No. 48, Plaintiff's Letter to Magistrate Judge Arleo dated May 23, 2008), a claim, which as discussed *supra*, cannot stand.  As such, discovery into Plaintiff's unrelated business dealings is not only inappropriate; it is also unnecessary.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is granted, as to Defendant's breach of fiduciary duty claim.  Plaintiff's motion for summary judgment is denied, as to Defendant's breach of contract claim.  Defendant's motion for partial summary judgment is denied, as to Plaintiff's breach of contract claim.  Defendant's motion to appeal Magistrate Judge Arleo's discovery order is denied.

Date: March 30, 2009

    S/Joseph A. Greenaway, Jr.
    JOSEPH A. GREENAWAY, JR., U.S.D.J.